## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

BHUPINDER SINGH,                          )
                                          )
                     Petitioner,          )
v.                                        )          Case No. CIV-26-289-R
                                          )
SCARLET GRANT, et al.,                    )
                                          )
                     Respondents.         )

## ORDER

This matter is before the Court for review of the Report and Recommendation [Doc. No. 8] issued by United States Magistrate Judge Suzanne Mitchell ordering Petitioner's release from immigration detention because Respondents violated their own regulations and Petitioner's due process rights when revoking Petitioner's bond. Respondents filed a timely Objection [Doc. No. 13] to the Report. Petitioner has not responded. The matter is now at issue.[1]

When a magistrate judge has issued a report and recommendation on a dispositive motion or prisoner petition, parties may object to the findings before the district court reviews them. *See* FED. R. CIV. P. 72(b). "'[A] party's objections to the magistrate judge's

---

[1] The record reflects Petitioner's Motion for Leave to File Traverse Out of Time [Doc. No. 10] was filed on April 21, 2026, well over a month after Respondents filed their Response to the Petition. Petitioner's Traverse (that is, his Reply to Respondents' Response) [Doc. No. 11] and a Supplement to his Traverse [Doc. No. 12] were filed on April 21, 2026. The Magistrate's Report was issued on April 22, 2026, and it seems Petitioner's Traverse was not considered in her findings. Additionally, a letter from Petitioner [Doc. No. 9] was filed on April 22, 2026, and indicates Petitioner did not receive Respondents' Response. The Court has examined the arguments Petitioner raised in his Traverse/Reply and finds they do not change its ruling on the Report.

report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.'" *Hall v. Miller*, No. CIV-25-00518-JD, 2025 WL 2630738, at *1 (W.D. Okla. Sept. 12, 2025) (quoting *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996)). "A specific objection 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* (quoting *2121 E. 30th St.*, 73 F.3d at 1059). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party waives further review of a Report and Recommendation where it fails to specifically object to it. *2121 E. 30th St.*, 73 F.3d at 1060. Because Petitioner proceeds pro se, the Court will construe his filings liberally but cannot serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

The Court must now make a *de novo* determination of the portions of the Report to which Respondents objected. 28 U.S.C. § 636(b)(1).

Petitioner, a citizen of India, entered the United States in 2017 without inspection [Doc. Nos. 7-1, 11]. DHS issued a Notice to Appear in 2017, placing Petitioner in removal proceedings and charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) [Doc. No. 7-2]. Petitioner requested a change in his custody status under 8 C.F.R. § 236.1(c), and an Immigration Judge subsequently ordered Petitioner's release on a $25,000 bond in 2017 [Doc. No. 7-3]. The current record reflects Petitioner complied with all conditions of his release. He later applied for asylum in 2018 [Doc. No. 7-4]. The IJ issued a final order of removal in 2024 [Doc. No. 7-5], which Petitioner appealed and which was later dismissed

by the Board of Immigration Appeals. Petitioner was re-detained in December of 2025, and asserts this re-detention was improper because it occurred without proper procedures.

The Magistrate found Petitioner adequately raised the issue of whether Respondents violated their own regulations when revoking his bond without notice. Respondents object, contending the Petition did not sufficiently raise such issues and that the Magistrate improperly provided arguments on Petitioner's behalf. The Court disagrees. Petitioner clearly asserts that he is detained in "[v]iolation of INA Regulation[s] and ICE policies and procedures," "no notice [was provided] for bond revocation," and ICE failed to "follow the procedures of bond revocations" [Pet., Doc. No. 1, at p. 6]. The Court finds this sufficient to raise the issue of whether ICE violated its bond revocation procedures and to place Respondents on notice as to the issues relevant to the dispute.

The Magistrate found Respondents violated their own regulations by revoking Petitioner's bond without notice. Specifically, she noted the record lacked any evidence that an authorized official exercised discretion to revoke Petitioner's release on bond or that Petitioner was arrested pursuant to his original warrant. *See* 8 C.F.R. § 236.1(c)(9) ("When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, [etc.,], in which event the alien may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and cancelled."); 8 U.S.C. § 1226(b) ("The [Secretary of Homeland Security] at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien."). The Magistrate also found Respondents' assertions that they complied with

§ 236.1(c)(9) inadequate to indicate their compliance with their own regulations when revoking Petitioner's bond.

Respondents argue (1) neither § 236.1(c)(9) nor § 1226(b) contain any notice requirement of intent to revoke bond, (2) they complied with § 236.9(c)(1), and (3) their assertion of compliance with § 236.9(c)(1) was sufficient to address the arguments Petitioner raised in his Petition. But the Court agrees with the Magistrate—along with the discretion provided by § 236.1(c)(9) to revoke bond at any time "comes responsibility" to follow proper procedures when doing so. Respondents do not specifically object to the Magistrate's findings that they failed to follow procedures in Petitioner's case. They do not offer evidence or arguments that Petitioner's bond was revoked by an authorized individual or that he was arrested pursuant to his original warrant. Accordingly, the Court finds Respondents have waived de novo review of such issues. *See Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (citing *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010)). The Magistrate issued a well-reasoned opinion finding ICE failed to comply with procedures. Upon review, and considering the lack of more specific arguments from Respondents, the Court agrees with the Magistrate.

The Magistrate also found Respondents violated Petitioner's due process rights when they summarily revoked his bond. Respondents once again argue Petitioner did not adequately raise this issue in his Petition, and the Court once again disagrees. Petitioner states in his Petition that he was unlawfully detained in violation of the Due Process Clause of the Fifth Amendment. Pet., at p. 6. He also asserts ICE failed to follow bond revocation

procedures. *Id.* The Court finds this adequately raised the issue of whether the deprivation of Petitioner's liberty (i.e., the revocation of his bond) violated his due process rights.

"In the civil immigration detention context, courts consistently apply the balancing test set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to evaluate the level of process owed a noncitizen." *Kholmurodov v. Warden, Cimarron Correctional Facility*, No. CIV-26-678-SLP, 2026 WL 1266124, at *4 (W.D. Okla. May 8, 2026). The Magistrate issued a thorough and well-reasoned opinion regarding Petitioner's due process rights under the *Mathews* test. Respondents do not substantively object to the Magistrate's findings under the test and thus waive this Court's de novo review of those issues. In any event, the Court agrees with the Magistrate. On the record currently before the Court, it appears Respondents violated Petitioner's due process rights by revoking his bond without following their own regulations.

Finally, and on a related note, Respondents contend regulatory violations do not give rise to habeas relief, though their contentions supporting this claim are general and, like the rest of their Objection, inadequately supported. Accordingly, they have waived de novo review of this issue. In any event, courts in this district and beyond have found violations of ICE's regulations may "implicate[] [the] constitutional protections [of the Fifth Amendment] directly." *Li v. Bondi*, No. CIV-25-1480-J, 2026 WL 475133, at *3 (W.D. Okla. Feb. 19, 2026) (citing *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 152 (D. Mass. 2025)) (quotation omitted) (finding violations of § 241.13(i), which requires procedural safeguards before revoking a noncitizen's release on Order of Supervision, implicate fundamental rights, render such revocation invalid, and warrant habeas relief); *Owdetallah*

5

*v. Bondi*, No. CIV-25-1546-SLP, 2026 WL 483648, at *4-5 (W.D. Okla. Feb. 20, 2026) (same).[2] Though certain violations of ICE's regulations may not implicate *fundamental* constitutional or federal statutory rights, Respondents do not adequately argue Petitioner's Fifth Amendment Due Process rights were not violated by ICE's lack of process here. "The essence of due process is the requirement that a person in jeopardy of a serious loss be given notice of the case against him and opportunity to meet it." *Mathews*, 424 U.S. at 348 (quotation and alterations omitted); *see also Li*, 2026 WL 475133, at *3 (finding a "complete breakdown" in process sounded in habeas where petitioner received no notice or interview prior to revocation of his release). The Magistrate found nothing in the record indicated Petitioner received any procedural safeguards—including notice—when Respondents revoked his bond. In the absence of any indication from Respondents that there was no "complete breakdown" in process, the Court agrees with the well-reasoned Report of the Magistrate and finds habeas relief appropriate, at least in this specific case and on the current record.

---

[2] The Magistrate found the authority for Petitioner's detention shifted to 8 U.S.C. § 1231 after the BIA denied his appeal and his order of removal became final. Individuals detained pursuant to § 1231 are generally entitled to certain procedures under 8 C.F.R. §§ 241.4 and 241.13. The Court acknowledges Respondents' arguments that at the time Petitioner's Petition was filed, the BIA had not yet denied his appeal and thus § 1231 and therefore § 241 did not yet apply. Nevertheless, the Court notes the general concurrence of some other courts in this district that violations of § 241 are constitutional in scale. But whatever provision Petitioner was detained under prior to the BIA denial, Respondents have failed to adequately refute Petitioner's allegations or object to the Magistrate's findings that Petitioner's due process rights were violated because of Respondents' failure to provide him with adequate process. Respondents have thus waived this Court's de novo review of whether their regulatory violations (whatever provision Petitioner's detention did or now falls under) are of a constitutional dimension.

Accordingly, the Court ADOPTS the findings of the well-reasoned Report and Recommendation. Petitioner's Petition is GRANTED. Respondents are ordered to immediately release[3] Petitioner from their custody pursuant to his previous bond conditions and to submit a prompt declaration, pursuant to 28 U.S.C. § 1746, affirming Petitioner's release from custody.

IT IS SO ORDERED this 27th day of May, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[3] Because the Court orders Petitioner's immediate release, his remaining bases for relief are rendered moot.